IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Daniel James Perry, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 6:20-00733-JD-JDA |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Joseph A. Lovelace, Andrew Hilgeman, | ) | |
| J. Berrgrum, Master Deputy Downey, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Jacquelyn D. Austin, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Daniel James Perry ("Perry"), proceeding *pro se*, seeks damages based on alleged Fourth, Fifth, Sixth, and Eighth Amendment rights violations arising out of a traffic stop and a subsequent search incident to arrest months later. (Am. Compl. 3, DE 15.) Plaintiff filed a motion for summary judgment on May 8, 2020. (Mot. Summ. J., DE 32.) Defendants also filed a motion for summary judgment along with a memorandum, exhibits, and affidavits in support. (Mot. Summ. J., DE 57.p)

As the Plaintiff is proceeding *pro se*, the court issued an order on or about July 29, 2020, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the motion

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

for summary judgment procedure and the possible consequences if he failed to respond adequately to the motion. Plaintiff filed a response in opposition on August 3, 2020. (DE 65.) Thereafter, Magistrate Judge Austin issued a Report and Recommendation, recommending denial of the Plaintiff's motion for summary judgment and granting the Defendants' motion for summary judgment. (R&R, DE 113.)

Perry filed objections to the Report and Recommendation; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that Perry's objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. Accordingly, after review, the court finds that Perry's objections are without merit. Therefore, after a thorough review of the magistrate judge's Report and the record in this case, the court adopts Magistrate Judge Austin's Report and Recommendation and incorporates it herein by reference.

It is therefore **ORDERED** that the Defendants' motion for summary judgment, Docket Entry 57, is granted and for the same reasons, Plaintiff's motion for summary judgment, Docket Entry 32, is denied.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
February 8, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.